UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LASHIP, LLC AND RIVER 1, LLC           CIVIL ACTION

VERSUS                                  No. 23-6815

JAMESTOWN METAL MARINE                  SECTION: "J"(3)
SALES, INC.

### ORDER & REASONS

Before the Court are Defendant's partial *Motion for Summary Judgment* **(Rec. Doc. 75)** and Plaintiffs' response (Rec. Doc. 93). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART** and **DENIED IN PART**.

In this instant motion, Defendant Jamestown Metal Marine Sales, Inc. ("JMMS") seeks (1) dismissal with prejudice of Plaintiff, River 1, LLC ("River 1") on grounds that River 1 has not suffered any damages; therefore, River 1 cannot prove an essential element of its tort claim; and (2) dismissal with prejudice of LaShip, LLC ("LaShip")'s reputational harm damage claim. (Rec. Doc. 75).

In response, "River 1 does not oppose its dismissal, having acknowledge that it is not seeking damages under its negligence claim." (Rec. Doc. 93, at 1). According, the Court finds that River 1 should be dismissed with prejudice.

Regarding summary judgment on reputational harm damages, LaShip responds that it had "alleged a negligence claim, initially seeking damages for reputational harm, among other damages." *Id.* at 4. Subsequently, however, "LaShip

has now disclaimed seeking reputational harm damages." *Id.* Further, LaShip states "Plaintiffs repeatedly renounce[ed] their reputational damages in writing and stipulating on the record that they are not pursing those damages." *Id.* at 3.[1] According, there are no reputational harm damages to dismiss; and the motion should be denied as moot. Accordingly,

**IT IS HEREBY ORDERED** that the motion is **GRANTED IN PART** and that Plaintiff River 1 is **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that the motion is **DENIED IN PART as moot** regarding LaShip's reputational harm damages, with the understanding that such dismissal does not substantively affect LaShip's breach of contract and negligence claims.

New Orleans, Louisiana, this 30th day of April, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] LaShip cites to Exhibit 1 to JMMS's *Motion for Summary Judgment* (Rec. Doc. 75), which is an email correspondence from Arthur R. Kraatz, Plaintiffs' counsel, to all counsel, stating "To be clear, however, the damages that Plaintiffs seek in this case (other than costs, interest, and attorneys' fees) are those documented on the LaShip invoices that are well known to the parties." (Rec. Doc. 75-3, at 2).