UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LASHIP, L.L.C., ET AL.                                CIVIL ACTION

VERSUS                                                NO. 23-6815

JAMESTOWN METAL AND MARINE                            SECTION: "J" (3)
SALES, INC.

## ORDER AND REASONS

Before the Court is Plaintiffs LaShip, L.L.C. and River 1, LLC's Motion to Tax Reasonable Attorneys' fees.[1] The Motion seeks fees relative to Defendant Jamestown Metal and Marine Sales, Inc.'s ("Jamestown") Motion to Compel.[2] Jamestown has filed an opposition[3] to Plaintiffs' Motion, to which Plaintiffs filed a reply memorandum.[4]

The Court already ordered that Plaintiffs are entitled to reasonable attorney's fees subject to Jamestown's right to challenge the amount.[5] This Order and Reasons addresses the parties' dispute over the amount of the fee award. Having reviewed the pleadings, record, and the applicable law, the Court will grant in part and deny in part the Motion and award Plaintiffs $5,442 in attorneys' fees.

---

[1] R. Doc. 86.
[2] R. Doc. 60.
[3] R. Doc. 100.
[4] R. Doc. 106.
[5] R. Doc. 72.

1

I.   **Background**

This lawsuit arises out of breach of contract and negligence claims regarding Jamestown's construction services on the Viking Mississippi, a luxury passenger cruise vessel.[6] Jamestown moved to compel relative to certain interrogatories and requests for production on March 14, 2025.[7] After hearing oral argument, the Court concluded that most of the information and documents requested in Jamestown's motion were not responsive to formal discovery requests.[8] In short, while Jamestown propounded formal discovery, that discovery did not align with the information on which Jamestown based its motion to compel. This dissonance caused considerable confusion in the meet-and-confer process and briefing. Accordingly, the Court denied the motion to compel[9] and granted Plaintiffs reasonable attorney's fees incurred in opposing the motion, subject to Jamestown's right to dispute the amount sought.[10]

Plaintiff's fee motion seeks $8,826 in attorneys' fees for their efforts in defending against Jamestown's motion to compel.[11] Jamestown maintains that an award of attorneys' fee is inappropriate, or in the alternative, that Plaintiffs' request of $8,826 should be reduced to approximately $4,000.[12]

---

[6] R. Doc. 1.
[7] R. Doc. 60.
[8] *Id.*
[9] *Id.*
[10] R. Doc. 72.
[11] R. Doc. 86.
[12] R. Doc. 100.

## II. Standard of Law

Calculating attorneys' fees is "a well-established process." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Courts first "calculate[] a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Id.* (quoting *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). Courts next consider whether to modify the lodestar amount. *See id.* "There is a strong presumption that the lodestar award" is a reasonable fee. *Hoenninger v. Leasing Enterprises, Ltd.*, No. 22-50765, 2023 WL 5521058, at *2 (5th Cir. Aug. 25, 2023) (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999)).

That said, courts must consider the *Johnson* factors to determine whether to adjust the lodestar. *Hoenninger*, 2023 WL 5521058, at *2 (discussing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)). "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account." *Heidtman*, 171 F.3d at 1043 (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993)).

## III. Lodestar Amount

### A. Reasonable Hourly Rates

Reasonable hourly rates are calculated under prevailing market rates in the relevant community. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to

3

the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "The relevant legal market is the community where the district court sits." *White v. Imperial Adjustment Corp.*, No. Civ.A. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005)(citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).

An hourly rate is *prima facie* reasonable when an attorney asks for her lodestar to be calculated at her customary billing rate, such rate is uncontested, and the rate is within the range of prevailing market rates. *White*, 2005 WL 1578810, at *5 (citing *Louisiana Power & Light Co.*, 50 F.3d at 328). When the hourly rate is unopposed, it is prima facie reasonable. *Louisiana Power & Light Co.*, 50 F.3d at 328 (quoting *Islamic Ctr. of Mississippi, Inc. v. City of Starkville, Miss.*, 876 F.2d 465, 469 (5th Cir. 1989)).

Here, Plaintiffs seek fees on behalf of Arthur Kraatz and Michael Catalano of Phelps Dunbar LLP. Mr. Kraatz charged an hourly rate of $370 in this case, and Mr. Catalano charged an hourly rate of $300 in this matter.[13] Together with counsels' qualifications and experience,[14] jurisprudence supports their requested hourly rates.

---

[13] R. Doc. 86-2.
[14] Mr. Kraatz is a 2013 graduate of the Louisiana State University Paul M. Hebert Law Center where he graduated *magna cum laude*. Following graduation, Mr. Kraatz served as a judicial law clerk to the Honorable Jane Triche Milazzo for two years. Mr. Kraatz subsequently joined Phelps Dunbar LLP, where he has nearly 10 years of experience representing clients in commercial litigation, admiralty law, and maritime law. R. Doc. 86-4. Mr. Catalano attended the Loyola University of New Orleans College of law, where he served as a member of the *Loyola Law Review* and graduated *magna cum laude* in 2018. Mr. Catalano initially worked for a mid-sized

4

"As recognized by [this Court], prevailing market rates in this community generally range from $200 to $400 per hour depending on the attorney's level of experience." *MGMTL, LLC v. Strategic Tech. Institute, Inc.*, No. 20-2138, 2025 WL 958208, at *12 (E.D. La. Mar. 31, 2025)(internal quotations marks omitted). Nor has Jamestown objected to these rates. The Court thus concludes that Plaintiffs' hourly rates of $370 and $300 are reasonable with respect to Jamestown's motion to compel.

### B. Hours Expended

The party requesting fees has the burden of documenting and supporting the reasonableness of all time for which compensation is sought. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Id.* at 434. The party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 n.15 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). Fee requests must thus demonstrate "billing judgment." *Id.*

The remedy for failing to exercise billing judgment is to exclude from a fee award hours that were not reasonably expended. *Id.* Courts may do so either by

---

New Orleans law firm where he represented clients in various insurance, personal injury, construction, and professional malpractice disputes. Mr. Catalano has been an associate in Phelps Dunbar LLP's Marine and Energy Group in New Orleans over the past two years. R. Doc. 86-5.

5

reducing "the hours awarded by a percentage" or via line-by-line analysis of the movant's billing. *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)); *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), overruled on other grounds by *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Whether a party has met its obligation to exercise billing judgment in good faith depends on the complexity of the prevailing motion for which it seeks fees in the factual and procedural context of a given case. *See, e.g., Drs. Le & Mui, Fam. Med. v. St. Paul Travelers*, No. 06-10015, 2007 WL 4547491, at *5 (E.D. La. Dec. 19, 2007).

1. **Billing Judgment**

Plaintiffs' time sheets provide a clear record of all hours expended on the case and all hours sought for reimbursement. *Leroy*, 831 F.2d at 585 n.15. Plaintiffs' counsel spent 25.4 hours relative to Jamestown's motion to compel. Mr. Kraatz and Mr. Catalano spent 9.80 hours and 12.60 hours respectively, while Mr. Morrison totaled 3 hours.[15] Plaintiffs do not seek reimbursement for their most senior attorney, Mr. Morrison.[16] Mr. Morrison's hourly rate is $425, and the value of Mr. Morrison's

---

[15] R. Doc. 86-2.
[16] R. Doc. 86-1.

time in the instant dispute equals $1,275.[17] Thus, the exclusion of $1,275 relative to Mr. Morrison's time confirms that counsel have exercised billing judgment. *Hensley*, 461 U.S. at 434. In addition, the complexity of the motion and its confused procedural posture support the Plaintiffs' requested fee award. *Drs. Le & Mui, Fam. Med.*, 2007 WL 4547491, at *5.

### 2. Duplicative Billing

Courts often exclude entries that are duplicative. *See, e.g., Alfasigma USA, Inc. v. EBM*, 2018 WL 3869496, at *5 (E.D. La. Aug. 15, 2018). "[W]hen a party chooses two attorneys to represent it in a lawsuit, the opposing party is not required to pay for duplicative work incurred by the attorneys." *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996)). Similarly, when multiple attorneys attend hearings, courts may exclude hours based on the level of individual contribution by any or all the attorneys. *Alfasigma USA*, 2018 WL 3869496, at *5 (citing *W. Virginia Univ. Hosps., Inc. v. Casey*, 898 F.2d 357, 365 (3d Cir. 1990)). Here, Plaintiffs' billing judgment eliminated any duplicative billing concerns.[18]

---

[17] R. Doc. 86-2.
[18] R. Doc. 86-1 at 4. Mr. Morrison and Mr. Kraatz both billed for attending oral argument before the Court on April 8, 2025, but Plaintiffs removed Mr. Morrison's fees in connection with that time. R. Doc. 86-2. There are circumstances in which it may be appropriate to award fees for more than one attorney present at oral argument, but the Court need not reach that issue in this case.

### 3. Attorneys' Fees for Drafting the Instant Fee Motion

Federal Rule of Civil Procedure 37(a)(5)(A) permits awarding attorneys' fees incurred in "making the motion" on a successful motion to compel. Fees awarded under that provision are therefore limited to those incurred in raising the motion to compel and may not include fees relative to a subsequent motion to fix fees. *See, e.g.*, *Idel v. LeBlanc*, No. 17-1553, 2019 WL 2088526, at *3 (E.D. La. May 13, 2019); *Rock the Ocean Productions, LLC v. H1 Events LLC*, No. 15-5189, 2016 WL 4272931, at *3 (E.D. La. Aug. 15, 2016).

Plaintiffs seek fees for time spent drafting the instant motion to tax attorneys' fees. Plaintiffs' counsel incurred $2,730 in preparing its motion to tax attorneys' fees.[19] In the exercise of billing judgment, Plaintiffs only seek reimbursement of $1,420 of that amount.[20] In addition to this amount, the time sheets reflect $150 billed in connection with sanctions research.[21] Added together, Plaintiffs seek $1,570 in attorneys' fees for time spent preparing their underlying motion. Neither Rule 37 nor the interest of justice supports imposing fees for this time under the circumstances of this case. Thus, the time spent drafting the fee motion warrants a $1,570 reduction in the fee award.

### 4. Lodestar Total

Plaintiffs seek $8,826 in attorneys' fees for defending against Jamestown's

---

[19] R. Doc. 86-1 at 5.
[20] *Id.*
[21] R. Doc. 86-2.

motion to compel. In the light of the record of this matter, the applicable law, and the other relevant circumstances discussed above, the undersigned finds that a $1,570 reduction is appropriate.

Further, the primary basis for the fee award is Jamestown's attempt to compel information that was not the subject of formal discovery requests. Not all the information sought in Jamestown's motion is subject to that infirmity. Thus, the undersigned finds that an additional 25% reduction is appropriate under the circumstances. *See Fox*, 563 U.S. at 838 ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants."). The lodestar accordingly comprises $5,442 in attorneys' fees for defending against Jamestown's motion to compel.

## C. The *Johnson* Factors

After calculating the lodestar, the court may make an upward or downward adjustment if warranted by the *Johnson* factors. *See Johnson*, 488 F.2d at 717–19. The *Johnson* factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*MGMTL, LLC*, 2025 WL 958208, at *22 (internal quotation marks omitted). As noted above, the lodestar is presumed to yield a reasonable fee. *Louisiana Power & Light*

9

*Co.*, 50 F.3d at 324. The lodestar should thus be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). "[O]f the *Johnson* factors, the Court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

Finally, "to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required." *Id.* Four of the *Johnson* factors, however, are presumed to be fully reflected in the lodestar amount and may be used only for an upward adjustment in rare circumstances. *Heidtman*, 171 F.3d at 1043. Such four factors include the novelty and complexity of the issues, the special skill and experience of counsel, quality of representation, and results obtained. *MGMTL, LLC.*, 2025 WL 958208, at *11.

The *Johnson* factors were subsumed in the above calculation of the lodestar. Any factors left unanalyzed are either inapplicable or not persuasive enough to overcome the lodestar's presumed reasonableness. *See City of Burlington*, 505 U.S. at 562 ("[T]he fee applicant who seeks more than [the lodestar bears] the burden of showing that 'such an adjustment is *necessary* to the determination of a reasonable fee.'") (emphasis original) (quoting *Blum*, 465 U.S. at 898)).

## IV. Conclusion

For these reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Tax Reasonable Attorneys' fees (R. Doc. 86) is **GRANTED IN PART** and that Plaintiffs are hereby awarded a total of $5,442.00 in attorneys' fees relative to defending against Jamestown's Motion to Compel Discovery.

New Orleans, Louisiana, this 12th day of May, 2025.

                                              EVA J. DOSSIER
                                   UNITED STATES MAGISTRATE JUDGE